## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-328-TSC** |
| **v.** | : | |
| | : | |
| **ROBERT SCOTT PALMER** | : | |
| | : | |
| **Defendant.** | : | |

### RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's October 14, 2022 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH). The government is in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video

---

[1]  The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the sentencing held in this matter on December 17, 2021 in the District of Columbia. *See* Petitioners' Memorandum of Points and Authorities in Support of Motion (ECF No. 37, at 2). The government submitted 12 videos to this Court at the hearing. Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in this Court's decision on sentencing, and they were not subject to a sealing order, the government does not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     *Robert Juman*
        Robert Juman
        Assistant United States Attorney
        Bar No. NJ 033201993
        United States Attorney's Office, Detailee
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (786) 514-9990
        E-mail: Robert.juman@usdoj.gov

2